UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 17-21096 |
| | ) | Chapter 7 |
| SYLWESTER WIEJATA and ANNA WIEJATA, | ) | |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtors. | ) | |
| | ) | Hearing Date: August 16, 2018 |
| | | Hearing Time: 9:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:  GUS A. PALOIAN, Chapter 7 Trustee

Period for Which
Compensation is Sought:  August 15, 2017 through the close of the case

Amount of Fees Sought:  $1,781.63

Amount of Expense
Reimbursement Sought:  $   0.00

This is an:                    Interim Application _____   Final Application:   X

This is the First and Final Fee Application in the case.

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:   July 13, 2018                    By:   /s/ Gus A. Paloian

                                         Applicant: GUS A. PALOIAN, Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-21096 |
| | ) | Chapter 7 |
| SYLWESTER WIEJATA and ANNA | ) | |
| WIEJATA, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtors. | ) | Hearing Date:  August 16, 2018 |
| | ) | Hearing Time: 9:30 a.m. |

## FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtors"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $1,781.63 in final compensation (the "Fees") for services rendered in the above-captioned case from September 14, 2017, through the closing of the case (the "Application Period").  In support of this Application, the Trustee respectfully states as follows:

## I.  JURISDICTION

1.      This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

## II. BACKGROUND

### A. Procedural Background

2.      On July 14, 2017, the Debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned Case.

3.      Thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

4.      On September 14, 2017, the Trustee filed an Initial Report of Assets, following investigation into certain assets of the Estate.

### B. Overview of Asset Recoveries for the Estate

### Sale of Personal Property

5.      The Trustee recovered funds from the liquidation of funds from Debtors' brokerage account and the sale of Debtors' photo equipment (the "Property"). The Trustee recovered gross proceeds of $10,316.33 in the Case.

### C. Services Rendered by the Trustee to the Estate

6.      During the Application Period, the Trustee performed 6.60 hours of actual and necessary services on behalf of the Estate, worth a total value of $2,163.00. An itemized statement describing the services rendered is attached hereto as **Exhibit 1.**

7.      The services included, but were not limited to, the following:

A.      Analyzing the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs; conducting a Section 341 examination of the Debtors; conducting an investigation of the Debtors' assets and financial affairs;

B.      Negotiating and coordinating the sale of the Property;

C.      Reviewing schedules, bank ledgers and claims in preparation of final report;

E.      Communicating with tax accountant with respect to determining the

Estate's tax obligations, if any;

F.      Maintaining Estate's bank accounts and performing bank reconciliations;

and

G.      Preparing Final Report.

### III.  RELIEF REQUESTED

8.      The Trustee respectfully requests that the Court allow and award him, on a final

basis, the Fees and authorize him to pay the Fees out of Estate funds, for services rendered in the

Case.  A draft order granting such relief is attached hereto for the Court's consideration.

### IV.  BASIS FOR REQUESTED RELIEF

### A.  Applicable Standards for Trustee Compensation

9.      Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining

the amount of compensation to be awarded to a trustee.  See Staiano v. Cain (In re Lan Assocs.

XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999);  In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

10.     Section 326(a) of the Bankruptcy Code limits the maximum amount of

compensation that may be awarded to a trustee.  See id.;  In re Churchfield Mgmt. & Inv. Corp.,

98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.).   This amount is "calculated by a

percentage of the moneys brought into the Estate by the trustee's services."  Churchfield Mgmt.

& Inv. Corp., supra.  In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation
> under section 330 of this title of the trustee for the trustee's services, payable
> after the trustee renders such services, not to exceed 25 percent on the first
> $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess
> of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of
> $1,000,000, and reasonable compensation not to exceed 3 percent of such
> moneys in excess of $1,000,000, upon all moneys disbursed or turned over in
> the case by the trustee to parties in interest, excluding the debtor, but
> including holders of secured claims.

11 U.S.C. § 326(a).

11.     The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit.  See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

12.     In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
> (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person;  and
> (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

13.     "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]"   In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

14.     The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

**B.  Application of the Cited Standards to the Requested Relief**

15.     This Application is the Trustee's first and final application for compensation in this Case.

16.     The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $1,781.63.

17.     As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

## V. <u>TRUSTEE'S FINAL REQUEST FOR COMPENSATION</u>

18.     The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | | |
|---|---|---|
| 25% of the first $5,000.00 disbursed | = | $1,250.00 |
| 10% of the next $2,500.00 disbursed | = | $ 531.63 |
| 5% of the next $0.00 | = | $ 0.00 |
| MAXIMUM COMPENSATION ALLOWABLE | = | $1,781.63 |
| **COMPENSATION REQUESTED** | = | **<u>$1,781.63</u>** |

19.     As of the date of the Application, the Trustee collected $10,316.33 for the benefit of the Estate and disbursed $0.00.  There will not be a surplus of funds turned over to the Debtors in this case.

20.     The Trustee requests allowance of final compensation in this case in the amount of $1,781.63.  The amount requested is equal to the maximum compensation allowable as set forth above.  The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

21.     The Trustee will distribute the remaining estate funds as set forth in the Final Report.

## VI. <u>NO PRIOR REQUEST</u>

22.     No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtors' Estate, respectfully requests that the Court enter an Order:

A.  Allowing and awarding compensation to Trustee in the amount of $1,781.63 on a final basis;

B.  Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

C.  Granting such other and further relief as the Court deems just and proper.

Dated: July 13, 2018

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtors' Estate,

By:/s/ Gus A. Paloian
　　Gus A. Paloian (06188186)
　　SEYFARTH SHAW LLP
　　131 South Dearborn Street
　　Suite 2400
　　Chicago, Illinois 60603-5577
　　Telephone:  (312) 460-5000
　　gpaloian@seyfarth.com

# EXHIBIT 1

## TRUSTEE

| Date | Description | Timekeeper | Hours | Value |
|------|-------------|------------|-------|-------|
| 09/20/17 | Download scheduled claims and assets in TES. | J. McManus | 0.20 | 63.00 |
| 10/03/17 | Review scheduled assets. | J. McManus | 0.30 | 94.50 |
| 10/19/17 | Import assets into TES (.30). | J. McManus | 0.30 | 94.50 |
| 12/19/17 | Download claims into TES. | J. McManus | 0.20 | 63.00 |
| 01/17/18 | Update TES claims ledger. | J. McManus | 0.20 | 66.00 |
| 01/22/18 | Open bank account (.20); deposit checks from sale of stock and artwork (.20); download scheduled assets (.20). | J. McManus | 0.40 | 132.00 |
| 01/24/18 | Uploaded new scheduled claims into TES. | J. McManus | 0.20 | 66.00 |
| 02/20/18 | Download claims into TES. (.10); run draft final report (.40). | J. McManus | 0.50 | 165.00 |
| 03/08/18 | Forward Forms 1 & 2 to L. West. | J. McManus | 0.20 | 66.00 |
| 03/21/18 | Update banking file. | J. McManus | 0.10 | 33.00 |
| 03/26/18 | Prepare/review distribution report. | J. McManus | 0.20 | 66.00 |
| 04/02/18 | Update banking file. | J. McManus | 0.10 | 33.00 |
| 04/12/18 | Review bank reconciliations. | J. McManus | 0.10 | 33.00 |
| 04/17/18 | Update TES claims ledger regarding final report (.40); prepare professional claims in TES (.30). | J. McManus | 0.70 | 231.00 |
| 04/19/18 | Run/review new draft final report. | J. McManus | 0.50 | 165.00 |
| 05/04/18 | Reconcile checking account. | J. McManus | 0.10 | 33.00 |
| 05/16/18 | Prepare final report. | J. McManus | 0.90 | 297.00 |
| 05/17/18 | Run draft distribution report. | J. McManus | 0.20 | 66.00 |
| 05/30/18 | Revise final report. | J. McManus | 0.70 | 231.00 |
| 05/31/18 | Revise distribution. | J. McManus | 0.50 | 165.00 |
| | **TOTAL** | | **6.60** | **$2,163.00** |

**Total Fees**                                                                                          **$2,163.00**

46771786v.1